UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HIOSSEN, INC.,**<br><br>   Petitioner,<br><br>v.<br><br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>   Respondent. | **Case No.: 20–cv–06922–CCC–ESK** |
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>   Petitioner,<br><br>v.<br><br>**HIOSSEN, INC.,**<br><br>   Respondent. | **Case No.: 20–cv–07647–CCC-ESK** |

  **THIS MATTER** having come before the Court on the petition (Petition) of U.S. Equal Employment Opportunity Commission (EEOC) (ECF No. 1)[1]; and Hiossen, Inc. (Hiossen) having filed an opposition to the Petition (ECF No. 4); and EEOC having filed a reply to the opposition (ECF No. 8); and the Court having held a hearing on the Petition on August 19, 2020; and for the reasons stated on the record, which include:

  1.  On May 12, 2020, EEOC issued and served subpoena No. PA-20-02 (Subpoena) on Hiossen. (ECF No. 1-11.)

  2.  Enforcement of an administrative subpoena requires that EEOC demonstrate the Subpoena meets the threshold requirements for enforcement—namely, that "(1) the inquiry must be within the authority of the agency, (2) the demand for production must not be too indefinite, and (3) the information sought

---

[1] The ECF references refer to the docket entries under Case No. 20–cv–07647.

must be reasonably relevant to the authorized inquiry." *U.S. v. Westinghouse Elec. Corp.,* 638 F.2d 570, 574 (3d Cir.1980).

3. Hiossen does not contest that EEOC possesses the authority to conduct the inquiry set forth in the Subpoena.

4. The demand for production is not too indefinite. The stated purpose of the inquiry is "to determine whether [Hiossen] has violated the [Age Discrimination in Employment Act], which prohibits discrimination in employment (recruitment, hiring, promotion, discharge, compensation, and other terms, conditions, or privileges of employment) because of age (40 years and older)." (ECF No. 1-3 p. 1.)

5. The information sought is reasonably relevant to the authorized inquiry.

6. Hiossen has not demonstrated that EEOC is acting in bad faith in the issuance of the Subpoena or in seeking Hiossen's compliance with same.

7. The Court cannot, at this time, make a determination as to whether Hiossen's compliance with the Subpoena would be unduly burdensome to Hiossen. Although Howard Chung, Hiossen's director of human resources, submitted a declaration relating to the efforts that would be needed to comply with the Subpoena, the representations are mostly conclusory and do not provide sufficient information to make a determination on this issue.

8. For example, Mr. Chung represented that Hiossen receives between 25,000 to 50,000 applications for employment per year. Accordingly, EEOC's request for information relating to all applications from 2016 to the present would require a review of over four and one-half years of application, amounting to possibly 100,000 to 250,000 applications. (ECF No. 4-10 ¶ 11.)

9. The parties engaged in good faith discussions in an attempt to resolve this dispute through August 7, 2020. (ECF Nos. 4-9 and 8-1.) It appears substantial progress had been made to narrow the scope of the Subpoena and in establishing protocols to facilitate the production. (*Id.*) Indeed, EEOC's letter on August 7, 2020 states:

> Accordingly, EEOC proposes that the most appropriate course to resolve this subpoena-enforcement action would be for EEOC to obtain information directly from persons knowledgeable about the information and documents [Hiossen] possesses responsive to the [s]ubpoena, such as with an ESI-type conference. Based on the information gathered from such a conference, EEOC should be able to determine the best course for obtaining the information

> requested in its subpoena, which could mean, as you have suggested, some form of sampling.

(ECF No, 8-1 p. 4.)

Accordingly,

**IT IS** on this **24th** day of **August 2020 ORDERED** that:

1. Hiossen shall designate a person or persons with the knowledge required under Local Rule 26.1(d)(1) for records relating to Hiossen's human resources records (Hiossen's ESI Designee). Counsel for Hiossen shall comply with the requirements concerning counsel's obligations relating to electronically stored information under Local Rule 26.1.

2. Counsel for the parties and Hoissen's ESI Designee shall meet and confer by **September 4, 2020** and attempt, in good faith, to enter into an agreement concerning the format of the production, what information should be subject to a sampling protocol, and any other disputes relating to the information sought in the Subpoena.

3. The period for appeal of this Order is tolled pending a complete determination of the enforceability of all demands in the Subpoena.

4. A telephone status conference is scheduled for **September 18, 2020 at 10:00 a.m.** At least three business days before the conference, the parties shall file a joint letter detailing the status of the parties discussions and pending issues to be addressed by the Court at the conference.

　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**